OPINION
{¶ 1} Defendant-appellant Ohio Bureau of Motor Vehicles appeals from an order of Miamisburg Municipal Court vacating an administrative suspension of the driver's license of plaintiff-appellee Alica Irwin. The Bureau contends that the trial court was without jurisdiction to vacate the suspension. We agree. Accordingly, the judgment of the trial court is Reversed and Vacated.
 I {¶ 2} The Bureau suspended Irwin's driver's license, pursuant to R.C. 4509.37 and 4509.101, as a result of an automobile accident Irwin had in May, 2001. A judgment for damages was rendered against her, and she was not insured.
 {¶ 3} The Bureau mailed notice of the suspension to Irwin in February, 2002. The suspension was to remain in effect for seven years, or until Irwin had complied with the requirements of R.C. 4509.40, but subject to a mandatory one-year suspension as a result of R.C.4509.101(A)(1)(a). The notice informed Irwin that she could appeal the suspension to the common pleas court in her home county.
 {¶ 4} Irwin filed a petition in the Miamisburg Municipal Court, asking that the license suspension be set aside. An "Agreed Entry" was filed in the Miamisburg Municipal Court on April 11, 2002, the entire text of which is as follows:
 {¶ 5} "Upon Motion of Plaintiff, and for good cause shown the Court overrules the license suspension of the Plaintiff and orders the Bureau of Motor Vehicle to restore her driving privileges.
 {¶ 6} "Further the Court ORDERS that no re-instatement fee be charged by the Bureau of Motor Vehicles."
 {¶ 7} This entry was signed by the judge of the Miamisburg Municipal Court, the prosecuting attorney for the city of Miamisburg, purporting to have been acting in the capacity of attorney for the Bureau, and by Irwin's attorney.
 {¶ 8} The Bureau appeals from the order of the trial court "overruling" the administrative license suspension.
 II {¶ 9} The Bureau's sole assignment of error is as follows:
 {¶ 10} "The court below erred in vacating the driver's license suspension of Ms. Irwin, in effect finding it had jurisdiction, when Ms. Irwin did not comply with the mandatory requirements necessary to invoke jurisdiction in an appeal of a driver's license suspension."
 {¶ 11} The Bureau contends that the Miamisburg Municipal Court was without jurisdiction to entertain an administrative appeal from a driver's license suspension pursuant to R.C. 4509.37. We agree.
 {¶ 12} R.C. 4509.37 and 4509.101(A)(1)(a) do not include any specific provisions for appeal to a trial court. Accordingly, we agree with the Bureau that an administrative appeal, to a trial court, is governed by R.C. 119.12. That statute provides for appeals by "any party adversely affected by any order of an agency . . . revoking or suspending a license" to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident.
 {¶ 13} We agree with the Bureau that the Miamisburg Municipal Court had no jurisdiction to review or to vacate the Bureau's administrative suspension of Irwin's driver's license. The Bureau's sole assignment of error is sustained.
 III {¶ 14} The Bureau's sole assignment of error having been sustained, the judgment of the trial court is Reversed and Vacated.
GRADY and YOUNG, JJ., concur.